IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:  Gabriel + Beacon Holding Co., LLC. | § § § § | Case No. 15-33062 |
| Debtor. | § § § | Chapter 11 |

## APPLICATION TO EMPLOY ATTORNEYS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Gabriel + Beacon Holding Co., LLC ("Debtor" or "Debtor-in-Possession"), hereby makes this Application to Employ Attorneys ("Application") on its behalf and respectfully represents as follows:

1. Debtor filed a voluntary petition for relief on June 2, 2015, under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2. The Debtor is a limited liability company owning real property and having related operations.

3. To perform the legal services required in connection with this case, the Debtor desires to employ Jon Parchman and Parchman Law Group P.L.L.C. ("Parchman") to act as the attorney for the Debtor in all matters arising in or related to this case, and to designate Jon Parchman as the attorney in charge, effective as of the date hereof. Mr. Parchman's address is 21 Waterway Ave, Suite 300, The Woodlands, Texas 77380.

4. The professional services to be rendered on behalf of the Debtor by Parchman in this case include all legal services arising in or related to the captioned Chapter 11 case, including, without limitation the following:

   a) Analysis of the financial situation, and rendering advice and assistance to the Debtor;

   b) Advising the Debtor with respect to its duties as a debtor;

   c) Preparation and filing of all appropriate petitions, schedules of assets and liabilities, statements of affairs, answers, motions and other legal papers;

   d) Representation of the Debtor at the first meeting of creditors and such other services as may be required during the course of the bankruptcy proceedings;

   e) Representing the Debtor in all proceedings before the Court and in any other judicial or administrative proceeding where the rights of the Debtor may be litigated or otherwise affected;

   f) Preparation and filing of a Disclosure Statement and Chapter 11 Plan of Reorganization; and

   g) Assistance to the Debtor in any matters relating to or arising out of the captioned case.

5. Debtor initially met or conferred with Parchman on or about May 1, 2015, regarding issues with Third Millennium Capital, Inc. on a certain real property. Debtor and Parchman had multiple communications regarding the mortgage until about May 18, 2015. Debtor again conferred with Parchman on or about June 1,

2015 regarding debt issues and possibly filing a bankruptcy case. Debtor spoke with Parchman on June 2, 2015 and filed its voluntary petition.

6. Except as described, to the best of Debtor's knowledge, neither Parchman nor any other person associated with Parchman has any other connection with the Debtor, Debtor's creditors, or any other parties in interest, or the attorneys and accountants for such creditors, or other parties in interest, the United States Trustee, or any person employed in the office of the United States Trustee.

7. To the best of the Debtor's knowledge, neither Parchman nor any other person associated with Parchman holds or represents any interest adverse to Debtor's estate in the matter on which Parchman is to be engaged by Debtor and Parchman, is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. Exhibit A attached hereto is Parchman's Unsworn Declaration under §327 and Rule 2014.

8. For legal services rendered in the above-captioned case, the Debtor has agreed to compensate Parchman in accordance with his normal billing practices. The current hourly rates for services rendered by Parchman in this proceeding are set forth on the attachments. Additionally, the Debtor has agreed to pay for the reasonable and necessary expenses incurred in rendering legal services to the Debtors, including, but not limited to, postage, photocopying, long distance charges, depositions, and filing fees. Pursuant to the Bankruptcy Code, the fees of Parchman together with his necessary disbursements and expenses, constitute administrative expenses of Debtor's estate in such amounts as may be allowed by the Court. In compliance with Section 329 of the Bankruptcy Code and

    Bankruptcy Rule 2016, attached as Exhibit B is Parchman's disclosure regarding his compensation agreement with the Debtor.

9. The was no pre-petition retainer payments made to Parchman paid by the Debtor.

10. The post-petition payments to Parchman are projected to be made by the Debtor or from the owner of the Debtor.

11. The Debtor selected Parchman because of his reputation and experience in civil litigation matters. Such employment is necessary and in the best interest of Debtor and its estate.

12. Parchman is duly admitted to practice before the United States District Court for the Southern District of Texas.

13. The Office of the United States Trustee has been provided with a copy of this Application.

14. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** Debtor requests for the entry of an order that (i) authorizes the Debtor to employ, and that the Court appoint, Jon Parchman and Parchman Law Group P.L.L.C., as its attorneys and to approve the designation of Jon Parchman as the attorney in charge; (ii) subject to further Court approval as to amounts, compensate Jon Parchman in accordance with its normal billing practice and to reimburse such law firm for its necessary disbursements and expenses; and (iii) grant the Debtor such other and further relief as is just and equitable.

DATED: June 16, 2015

PARCHMAN LAW GROUP
P.L.L.C.
By:
/s/ Jon Parchman_____
Jon Parchman
State Bar No. 24085517
21 Waterway Ave, Suite 300
The Woodlands, Texas 77380
Telephone: (713) 518-1902
Facsimile: (832) 442-5665
jparch01@gmail.com
Attorney for Debtor