UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | Gabriel + Beacon Holding Company, LLC | § Bankruptcy Case No. 15-33062-H1-11 |
| | | § |
| | Debtor(s) | § Chapter 11 |
| | | § |
| | | § |

MOTION OF DEBTOR TO DISALLOW PROOF OF CLAIMS FILED AND
OBJECTION TO THIRD MILLENNIUM CAPITAL, INC'S STANDING AND
AUTHORITY TO VOTE ON THE DEBTOR'S PLAN OF REORGANIZATION

---

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITH 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON _____, 2015 AT _____ IN COURTROOM 403, _____ HOUSTON, TEXAS  77002**

---

**TO THE HONORABLE KAREN BROWN
UNITED STATES BANKRUPTCY JUDGE**

      **COMES NOW. GABRIEL + BEACON HOLDING CO, LLC ("GBHC" or "Debtor"**) the Debtor and Debtor-in-Possession in the above-captioned case, and files this

Emergency Motion of Debtor to Disallow Proof of Claims Filed and Objection to Third Millennium Capital, Inc.'s ("TMC") Standing and Authority to Vote on the Debtor's Plan of Reorganization and in support thereof would represent to the Court the following:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O) automatic to grant the relief requested is provided by 11 U.S.C. §§ 502 and 105(a).

## FACTUAL AND PROCEDURAL BACKGROUND

2. On August 6, 2012, the Debtor executed a Promissory Note and Deed of Trust dated August 6, 2012.
3. On or about October 2, 2014, the Debtor and TMC executed a *Modification of Note* related to the original August 6, 2012 note ("Original Note") above. The Modification of Note was a result of another debtor's confirmed plan, which had a binding res judicata effect on the Original Note, Deed of Trusts, and Modification of Note.
4. Prior to filing the Debtor's bankruptcy petition, the Debtor placed TMC on notice of various defects in the Original Note and Modification of Note, as it relates to the Deeds of Trust. The primary defect is that in (Paragraph B) of the Modification of Note and the (Security of Payment) paragraph of the Original Note clearly states that "*This [note] is secured by Deed of Trust dated* **August 7, 2012**", and not the actual and accurate Deed of Trust date of August 6, 2012. No August 7, 2012 deeds of trust exist. As a result, the note and deed of trust dates do not match or correspond.
5. On June 2, 2015 (the "Petition Date"), at *6:53 AM*, the Debtor filed a voluntary petition for relief under chapter 11 of the Title 11 of the United states Bankruptcy code (the "Bankruptcy Code"). An automatic stay became immediately in effect.
6. On June 2, 2015, TMC proceeded with the foreclosure sale of the Debtor's real property, and other real property that the Debtor's an obligor to. This foreclosure sale occurred despite the *Notice of Bankruptcy Case Filing* posted by the Court

      Clerk prior to the lawful time a foreclosure sale was to occur, and notice from the Debtor.

7. June 11, 2015, Third Millennium Capital voluntarily executed a post-petition *Release of Note*, which discharged and released the Debtor from any and all obligation to the August 6, 2012 Promissory Note, and subsequent modifications of that note.

8. As a result of #7 above, the release of the obligation also released the liens to that obligation. A lien cannot exist without the existence of the debt obligation.

9. The Release of Note also terminated TMC's standing for file proofs of claims or take any action in this bankruptcy case.

10. October 5, 2015, TMC filed Proof of Claims totaling $643,477.89, with $450,000.00 being secured claims and $193,477.89 being unsecured claims.

11. Because of the defects in the dates between the Original Note, Modification of Note , and Deeds of Trust, the Debtor is a bona fide purchaser under the "strong arm" clause of 11 U.S.C § 544 and has "lien avoidance" rights under 11 U.S.C § 547.  This same provision applies to the unrecorded ownership and lien, after the June 2, 2015 foreclosure sale.

12. The Proof of Claims filed by TMC October 5th, 2014, should not be allowed and TMC should be prohibited from participating in the case, due to their lack of standing.

      WHEREFORE, PREMISES CONSIDERED, the Debtor request that this court strike the proof of claims, and prohibit TMC for participating in the Debtor's Plan of Reorganization, and for such other and further relief as to which the Debtor is entitled.

Dated:  November    18, 2015

        Respectfully Submitted,

        PARCHMAN LAW GROUP P.L.L.C.
By:
*Jon Parchman*
Jon Parchman
State Bar No. 24085517
21 Waterway Ave, Suite 300
The Woodlands, Texas 77380
Telephone: (713) 518-1902
Facsimile: 1-(832) 442-5665
jparch01@gmail.com

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has been forwarded to the following parties listed below, via first class mail, postage prepaid, electronic notice or facsimile, as well as to any party requesting electronic notification via the electronic case filing (ECF) system, on November 19, 2015.

        */s/ Jon Parchman*
        Jon Parchman