**Martin K. Thomas**
**State Bar No. 19859650**
**P.O. Box 36528**
**Dallas, TX  75235**
**(214) 951-9466**
**(855)301-88792 (telecopy**)
Counsel for Third Millennimum, Inc.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN THE MATTER OF:

GABRIEL & BEACON HOLDING CO.,
L.L.C.                                                                      CASE NO: 15-33062

DEBTOR                                                                CHAPTER 11

OBJECTION TO MOTION FOR ENTRY OF ORDER TO SHORTEN TIME OF NOTICE PERIOD WITH RESPECT TO DEBTOR'S OBJECTION OF CLAIMS

Comes now Third Millennium Capital, Inc. ("Third Millennium") and for its OBJECTION TO MOTION FOR ENTRY OF ORDER TO SHORTEN TIME OF NOTICE PERIOD WITH RESPECT TO DEBTOR'S OBJECTION OF CLAIMS (respectively the "Motion" and the "Objection") states and alleges:

1. This case was filed on June 2, 2015 without schedules and statements.

2. In fact the U.S. Trustee moved to dismiss the case because it was filed without a mailing matrix.

3. When the Debtor did file its schedules, only Schedules A and H contained information.  All other schedules were blank.  The mailing matrix (filed after the U.S. Trustee's motion to dismiss) listed Third Millennium and two taxing authorities and an HOA.  The matrix also listed two insiders.

4. Third Millennium claims a secured interest in the real property of the estate of $450,000 based on a total debt of $643,477.89 (the "Property"). The IRS has filed an unsecured claim for $21,636 (which the debtor lists in Schedule E as disputed).  Two taxing authorities

have each filed a claim for a joint total of $4,902.75. The bar date has passed and no other claims have been filed. The Debtor also listed the Shores at Pelican Pointe HOA as a secured creditor for $4,500 and the City of Seabrook as a creditor for $2144 for code violations. (Third Millennium believes that the claims of the taxing authorities and the HOA will have a higher lien priority than Third Millennium.)

5. So, the math is that Third Millennium holds a lien on the Property which is valued at $450,000 securing a total obligation of $643,477.89. The remaining debts of the taxing authorities, City of Seabrook and the Shores at Pelican Pointe HOA total $11,546.75 are superior to Third Millennium and will continue to encumber the Property. Finally, the Debtor disputes the claim of the IRS for $21,636.

6. On memory and belief, at the 341 meeting the Debtor's principal testified that federal taxes had not been paid because he did not believe that taxes were owed since the Debtor had not conducted business during the relevant time frame.

7. The initial 341 meeting was held on July 7, 2015 and was not concluded because the U.S. Trustee asked the Debtor "to amend petition to reflect correct EIN number, amend schedules to correctly reflect all assets and liabilities as of the petition date, secure liability insurance for the Debtor real property, emply (sic) a professional to prepare six years of outstanding income tax returns, and amend June MOR." In the intervening 35 days from filing of the Petition to the initial 341 meeting, the Debtor had taken no action to cure these deficiencies.

8. The second 341 meeting was conducted on July 21, 2015 but was continued again because the U.S. Trustee asked the Debtor to "to secure general liability insurance, employ an accountant and a realtor, and find new counsel if Parchman is allowed to withdraw."

9. The third 341 meeting was conducted on August 11, 2015 and was concluded but the U.S. Trustee asked the Debtor to "provide further proof of liability insurance with UST

notification and proof of quarterly fee payment by hearing on 8/17 and debtor to employ counsel, an accountant and a real estate agent within 30 days of engagement."

10. On information and belief and a review of the docket sheet, the Debtor has not filed a motion to employ an accountant, tax professional or a real estate agent.

11. On September 8, 2015, the Court entered its scheduling order in this case ordering that the Debtor file a plan and disclosure statement by September 30, 2015.

12. On September 30, 2015, the Debtor filed its motion to extend the plan and disclosure deadlines to October 30, 2015. That motion was granted.

13. At 11:25 and 11:28 p.m. on Friday, October 30, 2015, the Debtor filed its plan and disclosure statement and subsequently the Court scheduled a hearing on the disclosure statement for December 7, 2015.

14. Again after hours, on November 18, 2015, the Debtor filed its objection to the Claim of Third Millennium and this Motion. The Debtor did not confer with counsel for Third Millennium about the Motion, although Third Millennium is the only party effected by the Motion.

15. The Motion seeks to shorten the time for notice prior to a hearing on the Objection from the "at least 30 days prior to the hearing" required by Federal Rule of Bankruptcy Procedure 3007 to 19 days with Thanksgiving week in the middle of that 19 days.

16. After failing to comply with virtually any deadline set in this case, the Debtor seeks to deprive the overwhelmingly largest interested party in the estate of a reasonable time to review and defend the Objection.

17. Third Millennium further notes for the Court that the same property that is the subject of this bankruptcy was the subject of another bankruptcy filed by the related entity Exquisite Designs of Castle Rock, 12-38337, on November 5, 2012. Mr. Brad Jones is also the principal of Exquisite Designs of Castle Rock. In that case, the Debtor confirmed a chapter 11

plan but subsequently the case was converted to a chapter 7 liquidation on September 4, 2014 after which the Property was abandoned by the chapter 7 trustee as being burdensome to the estate.

18. The Debtor has benefitted from over 2 years of bankruptcy protection, between the two cases, and now wants to bum rush Third Millennium to a hearing on the Objection without fair notice.

Wherefore, Third Millennium prays that the Motion be DENIED.

Dated: November 19, 2015                    Respectfully submitted,

/s/ Martin K. Thomas
Martin K. Thomas
State Bar No. 19859650
P.O. Box 36528
Dallas, TX  75235
(214) 951-9466
(855) 301-8792(FAX)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's ECF system on all parties who have entered their electronic appearance in this case.

/s/ Martin K. Thomas