**Martin K. Thomas**
**State Bar No. 19859650**
**P.O. Box 36528**
**Dallas, TX  75235**
**(214) 951-9466**
**(855)301-88792 (telecopy)**
**Counsel for Third Millennium Capital, Inc.**

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**IN THE MATTER OF:**

**GABRIEL & BEACON HOLDING CO.,**
**L.L.C.**                                              **CASE NO: 15-33062**

**DEBTOR**                                         **CHAPTER 11**

### OBJECTION TO DISCLOSURE STATEMENT

Comes now Third Millennium Capital, Inc. ("Third Millennium") and for its OBJECTION TO DISCLOSURE STATEMENT (respectively the "Disclosure" and the "Objection") states and alleges:

BACKGROUND

1. This case was filed on June 2, 2015 without schedules and statements.

2. In fact the U.S. Trustee moved to dismiss the case because it was filed without a mailing matrix.

3. When the Debtor did file its schedules, only Schedules A and H contained information. All other schedules were blank. The mailing matrix (filed after the U.S. Trustee's motion to dismiss) listed Third Millennium and two taxing authorities and an HOA. The matrix also listed two insiders.

4. Third Millennium claims a secured interest in the real property of the estate of $450,000 based on a total debt of $643,477.89 (the "Property"). The IRS has filed an unsecured claim for $21,636 (which the debtor lists in Schedule E as disputed). Two taxing authorities have each filed a claim for a joint total of $4,902.75. The bar date has passed. The Debtor also

listed the Shores at Pelican Pointe HOA as a secured creditor for $4,500 and the City of Seabrook as a creditor for $2,144 for code violations. (Third Millennium believes that the claims of the taxing authorities and the HOA will have a higher lien priority than Third Millennium.)

5. So, the math is that Third Millennium holds a lien on the Property which is valued at $450,000 securing a total obligation of $643,477.89. The remaining debts of the taxing authorities, City of Seabrook and the Shores at Pelican Pointe HOA total $11,546.75 are superior to Third Millennium and will continue to encumber the Property. Finally, the Debtor disputes the claim of the IRS for $21,636 and reasserts that dispute in the last paragraph of page 17 of the Disclosure.

6. On memory and belief, at the 341 meeting the Debtor's principal testified that federal taxes had not been paid because he did not believe that taxes were owed since the Debtor had not conducted business during the relevant time frame. Further, on information and belief, the Debtor had not been a corporation in good standing for several years prior to filing and was not an operating entity.

7. The initial 341 meeting was held on July 7, 2015 and was not concluded because the U.S. Trustee asked the Debtor "to amend petition to reflect correct EIN number, amend schedules to correctly reflect all assets and liabilities as of the petition date, secure liability insurance for the Debtor real property, emply (sic) a professional to prepare six years of outstanding income tax returns, and amend June MOR." In the intervening 35 days from filing of the Petition to the initial 341 meeting, the Debtor had taken no action to cure these deficiencies.

8. The second 341 meeting was conducted on July 21, 2015 but was continued again because the U.S. Trustee asked the Debtor to "to secure general liability insurance, employ an accountant and a realtor, and find new counsel if Parchman is allowed to withdraw."

9. The third 341 meeting was conducted on August 11, 2015 and was concluded but the U.S. Trustee asked the Debtor to "provide further proof of liability insurance with UST

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 2**

notification and proof of quarterly fee payment by hearing on 8/17 and debtor to employ counsel, an accountant and a real estate agent within 30 days of engagement."

10. On information and belief and a review of the docket sheet, the Debtor has not filed a motion to employ an accountant, tax professional or a real estate agent.

11. On September 8, 2015, the Court entered its scheduling order in this case ordering that the Debtor file a plan and disclosure statement by September 30, 2015.

12. On September 30, 2015, the Debtor filed its motion to extend the plan and disclosure deadlines to October 30, 2015. That motion was granted.

13. At 11:25 and 11:28 p.m. on Friday, October 30, 2015, the Debtor filed its plan and disclosure statement and subsequently the Court scheduled a hearing on the disclosure statement for December 7, 2015.

14. Third Millennium further notes for the Court that the same property that is the subject of this bankruptcy was the subject of another bankruptcy filed by the related entity Exquisite Designs of Castle Rock, 12-38337, on November 5, 2012. Mr. Brad Jones is also the principal of Exquisite Designs of Castle Rock. In that case, the Debtor confirmed a chapter 11 plan but subsequently the case was converted to a chapter 7 liquidation on September 4, 2014 after which the Property was abandoned by the chapter 7 trustee as being burdensome to the estate.

15. The Debtor has benefitted from over 2 years of bankruptcy protection, between the two cases, and has done nothing to develop the Property in question even though the Chapter 11 Plan confirmed in the Exquisite Designs bankruptcy provided for funds to finish the partially constructed house on one of the lots securing the debt owed Third Millennium.

16. This case was originally filed as a small business case. However, the Debtor filed an amended petition striking that declaration. The order scheduling the disclosure statement hearing only gives notice of a hearing on disclosure. No ballots have been mailed. But, the

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 3**

disclosure statement contains notice and scheduling paragraphs on page 2 of the Disclosure that seem to be more in line with a small business case.

## OBJECTIONS TO DISCLOSURE

17.   The Debtor's Disclosure does not contain information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of any class to make an informed judgment about the plan.

18.   The Disclosure fails to disclose that the Debtor has failed to comply with 5 of the 9 line items contained in the Court's Scheduling Order, DKT #39, 9/8/15.  The Disclosure fails to disclose whether or not the Debtor has complied with the following requirements of the Scheduling order and Third Millennium believes that the Debtor has not complied with these requirements:

- pay all post-petition tax liabilities;

- employ and file an application to employ or employ and pay a tax preparer;

- file tax returns for 2009, 2010, 2011, 2012, 2013, and 2014;

- employ and file an application to employ or employ and pay a real estate agent or broker;

- maintain insurance that is customary in the industry in which Debtor operates, including commercial general liability insurance and commercial property damage insurance during the pendency of this case and insure the United States Trustee is a notified party in the event of cancellation or modification of the coverage;

18.   Third Millennium Objects to paragraph 1 in the section entitled INFORMATION REGARDING THE DEBTOR on page 2 of the Disclosure.  The paragraph fails to state that the Debtor was not in good standing for several years before filing because it was not operating.

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 4**

19. Third Millennium Objects to paragraph 2 b) on page 3 of the Disclosure because it does not disclose that the first confirmed plan of Exquisite Designs in the 2010 case led to the need for further reorganization in the second case and, eventually, the conversion of the second case to a liquidation under chapter 7.

20. Third Millennium Objects to the same paragraph 2 d) because it infers that the Debtor or Exquisite Designs has rights under the Plan confirmed in 12-38337 when in fact any rights held by Exquisite Designs under that Plan or the modified loan documents belong to the chapter 7 trustee in that case who did not object to foreclosure of the properties concerned.

21. Third Millennium Objects to same paragraph 2 e) because it fails to clearly acknowledge that the liens on all the collateral securing the Exquisite Designs note continue to encumber all collateral, even that owned by the Debtor.

22. Third Millennium Objects to paragraphs 2 f), g) and h) because the information contained in those paragraphs was made moot by the modifications executed pursuant to the confirmed plan of 12-38337 and that such scriveners errors are easily corrected.

23. Third Millennium Objects to paragraph 2 i) and j) as confusing and factually inaccurate. Without limitation, Third Millennium's counsel did not receive notice of the bankruptcy filed by the Debtor on June 2, 2015 until after the foreclosure had occurred and when he did receive notice he stopped all foreclosure activity and did not file the foreclosure deed with the County Clerk

24. Third Millennium Objects to paragraph 2 k) as confusing as to what relevance it has and should, at a minimum, disclose that the Debtor did not ask Third Millennium if the sale had occurred.

25. Third Millennium Objects to paragraph 2m) as confusing with no logical explanation for its conclusion.

26. Third Millennium Objects to paragraph 3 on page 4 of the Disclosure. The paragraph implies that the Debtor has assets other than the real property, which Third

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 5**

Millennium believes is false, and it fails to explain what rights the Debtor would have under the plan confirmed in the Exquisite Design bankruptcy or how it was injured by any alleged violation of that document or the automatic stay in this case.

27.     Third Millennium Objects to paragraph 5 on page 5 of the Disclosure because it implies the debtor has post petition operations when in fact it has done nothing.  As shown in exhibit "A" to the Disclosure, the Debtor opened a bank account with $50 and there have been no further transactions for the 6 months since the bankruptcy was filed.

28.     Third Millennium Objects to paragraph 6 on page 5 of the Disclosure as confusing.  It implies there are unsecured creditors.  However, if the IRS does have a claim, it will be a priority claim not an unsecured claim.  All of which would be clear if the Debtor had complied with the Scheduling Order and filed the relevant tax returns.  To the extent the IRS does not amend its claim to be zero or a priority claim, Third Millennium will object to the claim.  But, at a minimum the Debtor needs to disclose the estimated size of the unsecured class and who holds such claims.  And, in point of fact, the IRS is separately classified as Class 11.

29.     Third Millennium Objects to paragraph 7 on page 5 of the Disclosure.  It implies that the Debtor has been an operating entity since 2009 but it failed to file tax returns, based on the memory of testimony of Brad Jones and as restated in the discussion of Class 11, because it was dormant and was not doing business.  The Debtor needs to explain in detail what it was doing from and after 2009 including what properties it was renting and it needs to provide copies of the leases it refers to.   Further, as to the home in Seabrook, it has not been worked on since the filing of the second Exquisite Designs bankruptcy in 2012 even though Third Millennium agreed in the confirmed plan to provide financing to complete the house, which the Debtor never drew down.

30.     Third Millennium Objects to paragraph 8 on page 6.  This paragraph is clearly a pro forma paragraph from a stock plan and has no relevance to this case.  All debts listed except the IRS are secured debts superior to the liens of Third Millennium and will be paid upon

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 6**

foreclosure of the properties.  In its Amended Schedule E filed July 21, 2012, the Debtor has disputed that it owes the IRS anything.  The Amended Schedule F filed October 30, 2015 shows no unsecured creditors other than Third Millennium.

31.     Third Millennium Objects to paragraph 10 on page 7 because it implies there were actually operations in the 90 days prior to the filing, when there were none.

32.     Third Millennium Objects to paragraph 11 on page 7 because it is misleading by saying the Debtor may contest the valuation of its personal property when no personal property is listed in Schedule B filed on June 16, 2015.  Further, as stated previously, the Debtor needs to explain how it would have rights for damages under the Exquisite confirmation order and confirmed plan and how it was damaged by a violation of the automatic stay and what violation it is asserting.

33.     Third Millennium Objects to paragraph 15 on page 8 because it fails to give a clear list and estimate of the creditors in that class and the amounts that might be owed.

34.     Third Millennium Objects to paragraph 16 on page 9 because it is confusing and nonsensical.  There is no explanation of how releasing the Debtor from the same Note executed by Exquisite Designs and guaranteed by Brad Jones releases the liens which still secure the Note and Guarantee on which Exquisite Designs and Brad Jones are still obligated.  It is clear that the Debtor wishes it were that the liens were released, but they just were not released.

35.     Third Millennium Objects to paragraph 17 on page 11 because it is confusing and nonsensical.  There is no explanation of how releasing the Debtor from the same Note executed by Exquisite Designs and guaranteed by Brad Jones and foreclosing property the Debtor never owned results in chapter 5 claims to avoid liens on non-estate property.

36.     Third Millennium Objects to paragraphs 21 and 22 on page 15 as confusing because there are no Allowed Unsecured claims.  If the Debtor believes there are Allowed Unsecured Claims, it needs to identify such claims and estimate the amount owed

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 7**

37. Third Millennium Objects to paragraph 18, 19 and 20 on page 14 and paragraph 25 on page 16 as not clearly stating in the liquidation analysis or in these paragraphs that upon foreclosure by Third Millennium these superior claims will be paid by Third Millennium or any third party purchaser because they are superior and will run with the land until paid.

38. Third Millennium Objects to paragraph 25 on page16 because it is confusing as to why a tax that was not assessed pre-petition would be a general unsecured claim instead of a priority claim and because the discussion also talks about property taxes paid by Third Millennium.

39. Third Millennium Objects to paragraph 26 on page 18 because it fails to disclose that the Debtor has made no progress in either selling lots or completing the house since prior to the filing of the Exquisite Bankruptcy in 2012 despite having funds available to Exquisite Designs to do so. Further, the Disclosure gives no explanation of how the values for the properties were computed; especially since the Debtor has said in the Disclosure that it intends to dispute the tax values. And, the Debtor has given no comprehensible explanation of how the Third Millennium liens will be voided as to the remaining debt owed by Exquisite Designs and secured by all the Debtor's property.

40. Third Millennium Objects to paragraph 29 on page 20 because it fails to disclose that the proposed Management, Brad Jones, has led Exquisite Designs into two bankruptcies and a conversion to chapter 7 and now the Debtor into this bankruptcy.

41. Third Millennium Objects to paragraph 33 on page 20 because it implies there are Executory Contracts and Unexpired Leases but none were listed in Schedule G.

42. Finally, Third Millennium objects to the disclosure statement because it fails to disclose a source of financing for the construction and development proposed, it fails to give a basis for any values listed, it fails to provide a time line or a detailed budget for any of the construction or development proposed.

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 8**

Wherefore, Third Millennium prays that the Debtor's request for approval of the Disclosure statement be DENIED.

Dated: December 3, 2015          Respectfully submitted,

/s/ Martin K. Thomas
Martin K. Thomas
State Bar No. 19859650
P.O. Box 36528
Dallas, TX 75235
(214) 951-9466
(855) 301-8792(FAX)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's ECF system on all parties who have entered their electronic appearance in this case simultaneously with the filing of this document.

/s/ Martin K. Thomas

**OBJECTION TO DISCLOSURE STATEMENT - Page No.: 9**