Martin K. Thomas
State Bar No. 19859650
P.O. Box 36528
Dallas, TX  75235
(214) 951-9466
(855)301-88792 (telecopy)
Counsel for Third Millennimum, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 15-33062 |
| GABRIEL & BEACON HOLDING CO., § | |
| L.L.C. § | CHAPTER 11 |
| § | |

**RESPONSE OF THIRD MILLENNIUM CAPITAL, INC TO
MOTION OF DEBTOR TO DISALLOW PROOF OF CLAIMS FILED AND
OBJECTION TO THIRD MILLENNIUM CAPITAL, INC'S STANDING AND
AUTHORITY TO VOTE ON THE DEBTOR'S PLAN OF REORGANIZATION**

Comes now Third Millennium Capital, Inc. ("Third Millennium" or "TMC") and for its RESPONSE TO MOTION OF DEBTOR TO DISALLOW PROOF OF CLAIMS FILED AND OBJECTION TO THIRD MILLENNIUM CAPITAL, INC'S STANDING AND AUTHORITY TO VOTE ON THE DEBTOR'S PLAN OF REORGANIZATION (respectively, the "Response", the "Claim" and the "Objection") states and alleges:

1.  Third Millennium admits the allegations contained in paragraph 1 of the Objection.

2.  Third Millennium admits that on August 6, 2012, the Debtor executed a Promissory Note and Deed of Trust dated August 6, 2012.

3.  Third Millennium denies that on or about October 2, 2014, the Debtor and TMC executed a Modification of Note related to the original August 6, 2012 note ("Original Note") above. Third Millennium admits that there was a Modification of Note as a result of another

debtor's confirmed plan, which had a binding res judicata effect on the Original Note, Deed of Trusts, and Modification of Note but denies that the Modification or the Plan prohibits Third Millennium from correcting a scriveners error.

4.  Third Millennium admits that prior to filing the Debtor's bankruptcy petition, the Debtor placed TMC on notice that the Debtor claimed various defects in the Original Note and Modification of Note, as it relates to the Deeds of Trust but Third Millennium denies that said notices were accurate. Third Millennium denies the allegation that the primary defect is that in (Paragraph B) of the Modification of Note and the (Security of Payment) paragraph of the Original Note clearly states that "This [note] is secured by Deed of Trust dated August 7, 2012", and not the actual and accurate Deed of Trust date of August 6, 2012. Third Millennium admits that no August 7, 2012 deeds of trust exist. But again, nothing prohibits Third Millennium from having a court of competent jurisdiction correct any scriveners error.

5.  Third Millennium admits that on June 2, 2015 (the "Petition Date"), at 6:53 AM, the Debtor filed a voluntary petition for relief under chapter 11 of the Title 11 of the United states Bankruptcy code (the "Bankruptcy Code"). Third Millennium admits that an automatic stay became immediately in effect.

6.  Third Millennium cannot form a response to the allegations in the first sentence of paragraph 6 of the Objection because it is too vague as to be comprehensible.  Therefore, those allegations are denied.  In particular, it does not define what real property it attempts to refer to. Third Millennium denies that any foreclosure sale occurred concerning this Debtor after notice of

**RESPONSE OF THIRD MILLENNIUM CAPITAL, INC TO MOTION OF DEBTOR TO DISALLOW PROOF OF CLAIMS FILED AND OBJECTION TO THIRD MILLENNIUM CAPITAL, INC'S STANDING AND AUTHORITY TO VOTE ON THE DEBTOR'S PLAN OF REORGANIZATION - Page No.:  2**

the bankruptcy filing was received by Third Millennium.

7. Third Millennium admits that on June 11, 2015, Third Millennium Capital voluntarily executed a post-petition Release of Note, which discharged and released the Debtor from any and all obligation to the August 6, 2012 Promissory Note, and subsequent modifications of that note. However, Third Millennium did not release the other note maker and all the real property owned by the Debtor and all property covered by the Deeds of Trust remains collateral securing the Promissory Note.

8. Third Millennium denies the allegations of paragraph 8 of the Objection. The Debtor's property remains collateral for the debt owed by the other note maker.

9. Third Millennium denies that the Release of Note also terminated TMC's standing to file proofs of claims or take any action in this bankruptcy case.

10. Third Millennium admits that on October 5, 2015, TMC filed a Proof of Claim totaling $643,477.89, with $450,000.00 being a secured claim and $193,477.89 being unsecured claim based on the value of the Property. All property covered by the Deeds of Trust secure the entire claim of Third Millennium.

11. Third Millennium denies that because of the defects in the dates between the Original Note, Modification of Note , and Deeds of Trust, the Debtor is a bona fide purchaser under the "strong arm" clause of 11 U.S.C § 544 and has "lien avoidance" rights under 11 U.S.C §547. Third Millennium denies that this same provision applies to the unrecorded ownership and lien, after the June 2, 2015 foreclosure sale.

12. Third Millennium denies that the Proof of Claims filed by TMC October 5th, 2014, should not be allowed and denies that TMC should be prohibited from participating in the case, due to its alleged lack of standing.  TMC holds a Note secured by all the real property of this bankruptcy estate and is therefore a party in interest.

Wherefore, Third Millennium prays that the Objection be, in all things, DENIED and that Third Millennium's claim be allowed and that Third Millennium be allowed to participate fully in this case as a Creditor.

Dated:  December 14, 2015                         Respectfully submitted,

/s/ Martin K. Thomas
Martin K. Thomas
State Bar No. 19859650
P.O. Box 36528
Dallas, TX  75235
(214) 951-9466
(855) 301-8792(FAX)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's ECF system on all parties who have entered their electronic appearance in this case simultaneously with the filing of this document.  And via first class U.S. Mail on all parties listed on the attached mailing matrix this December 14, 2015.

/s/ Martin K. Thomas

**RESPONSE OF THIRD MILLENNIUM CAPITAL, INC TO MOTION OF DEBTOR TO DISALLOW PROOF OF CLAIMS FILED AND OBJECTION TO THIRD MILLENNIUM CAPITAL, INC'S STANDING AND AUTHORITY TO VOTE ON THE DEBTOR'S PLAN OF REORGANIZATION - Page No.: 4**