**Martin K. Thomas**
**State Bar No. 19859650**
**P.O. Box 36528**
**Dallas, TX  75235**
**(214) 951-9466**
**(855)301-88792 (telecopy**)
Counsel for Third Millennimum, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| IN RE: | § § § § § § | CASE NO: 15-33062 |
| GABRIEL & BEACON HOLDING CO., L.L.C. | | CHAPTER 11 |

_____

| | |
|---|---|
| THIRD MILLENNIUM CAPITAL, INC | § § § § § § § § § § § § § |
| Movant | |
| vs | |
| GABRIEL & BEACON HOLDING CO., L.L.C. | |
| Debtor/Resondant | |

**MOTION OF THIRD MILLENNIUM CAPITAL, INC. FOR RELIEF FROM AUTOMATIC STAY OF AN ACT AGAINST REAL PROPERTY PURSUANT TO 11 U.S.C. § 362(d) AND RULE 4001**

AS TO 5 VACANT LOTS AND 1 LOT WITH HOUSE UNDER CONSTRUCTION

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.  Represented parties should act through their attorney.**

**There will be a FINAL hearing on this matter on January 20, 2016 at 2:00 p.m. in Courtroom 403, 4TH Floor, United States Courthouse, 515 Rusk, Houston, Texas 77002.**

1

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT;

COMES NOW, Third Millennium Capital, Inc. ("THIRD MILLENNIUM") and files its Motion for Relief from Stay of an Act Against Real Property Pursuant to 11 U.S.C. § 362(d) and Rule 4001 AS TO REAL PROPERTY (5 VACANT LOTS AND 1 LOT WITH HOUSE UNDER CONSTRUCTION)  (the "Motion") and would show unto the Court the following:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C §§ 157 and 1334. Consideration of this matter is a core proceeding pursuant to 28 U.S.C §§ 157(b)(2)(A) and (O).  The Court is authorized to grant the relief requested as provided by 11 U.S.C §§ 105(a) and 362(d).

## FACTUAL BACKGROUND

2. Debtor and EXQUISITE DESIGNS BY CASTLEROCK AND COMPANY, INC. ("Exquisite")  executed and delivered their Promissory Note dated August 6, 2012 in the original amount of $490,000.00 to Secured Creditor THIRD MILLENNIUM in return for a loan of that amount (the "Note").  Exhibit "A".

3. Eighty nine days later, on November 5, 2012,  EXQUISITE DESIGNS BY CASTLEROCK AND COMPANY, INC. ("Exquisite") filed its Chapter 11 bankruptcy case under Title 11 of the United States Code, Southern District of Texas, Case No. **12-38337** (the "Exquisite Bankruptcy").

4. Exquisite's Fourth Amended Plan of Reorganization was confirmed on September 30, 2013 (the "Plan").

5. The Plan modified the Note so that  (among other things) effective November 1, 2013,  Exquisite was to pay to THIRD MILLENNIUM monthly installments of all accrued and unpaid interest on the Note calculated from October 1, 2013 through October 1, 2014; such payment initially being $4,083.33 per month.  The entire amount of unpaid principal and accrued interest under the Note became due and payable on October 1, 2014 in the event that the real property securing the Note (defined below as the "Property") was not sold by such date and the

Note was not paid in full.

5.  The modification provided by the Plan together with the Modification of Note executed and delivered by the Debtor in compliance therewith (Exhibit "B") are referred to herein as the "Modification".

6.  The Modification provided that the Note and Modification were secured by the liens of those certain Three (3) Deeds of Trust (the "Deeds of Trust") each dated August 7, 2012, executed by Maker, as Grantor, to Daniel W. Schreimann, as Trustee, recorded Real Property Records of Harris County, Texas, said Deeds of Trust covering certain tracts of land situated in Harris County, Texas (collectively referred to as the "Property") (copies attached as Exhibits "C", "D" and "E") and identified as follows:

   a.  Real Property (1)

Deed of Trust recorded under Harris County Clerk's file number 20120356623 on August 7, 2012 and property referenced therein being described as: Lot Two (2), Block Twenty-One (21), of the Shores at Pelican Pointe, an addition in Harris County Texas according to the map or plat thereof, recorded in Film Code No. 591294, of the Map Records of Harris County, Texas

   b.  Real Property (2)

Deed of Trust recorded under Harris County Clerk's file number 20120356623 on August 7, 2012 and property referenced therein being described as Lot One (1) and Lot Five (5), Block Twenty-One (21), of the Shores at Pelican Pointe, an addition in Harris County Texas according to the map or plat thereof, recorded in Film Code No. 591294, of the Map Records of Harris County, Texas

   c.  Real Property (3)

Deed of Trust recorded under Harris County Clerk's file number 20120356621 on August 7, 2012 and property referenced therein being described as Lot Three (3), Lot Four (4) and Lot Six (6), Block Twenty-One (21), of the Shores at Pelican Pointe, an addition in Harris County Texas

3

according to the map or plat thereof, recorded in Film Code No. 591294, of the Map Records of Harris County, Texas

7. Real Properties 1 and 2 above are owned by Exquisite Designs and are referred to herein as "Exquisite Properties". Real Properties 3 above are owned by the Debtor and are referred to herein as "Gabriel Properties". Jointly, the Exquisite Properties and the Gabriel Properties are referred to herein as the "Properties".

8. Exquisite and the Debtor defaulted by not making the required payments. The last timely paid installment was the May 1, 2014 payment of $4,083.33. Thereafter Debtor's scheduled payments were not made. The Note and Modification matured on October 1, 2014. The balance due according to the loan documents is $490,000.00 in principal, plus interest, fees and expenses for a total balance of $643,477.89 as of the date of the petition. Exhibit "I". Debtor has no equity. Contractual interest continues for which Movant is not adequately protected.

9. Debtor and Exquisite failed to promptly pay the property taxes before delinquency and Third Millennium has paid the following property taxes:

   a. 2012 $1,358.01
   b. 2013 $1,220.10
   c. 2014 $2,091.90

Movant is not adequately protected for these taxes and failure to timely pay these taxes and Debtor's failure to provide paid tax receipts is also a breach of the Note and Modification.

10. The Exquisite Bankruptcy was converted to a chapter 7 proceeding on September 4, 2014 and the Property was abandoned by the trustee by Court order on November 10, 2014 as having inconsequential value or as being burdensome to the estate.

11. The Harris County Appraisal District lists the combined value the 5 unimproved lots (Lots 1, 3, 4, 5, & 6) as $137,714 and a copy is attached as Exhibit "F". The Debtor stated in his disclosurse statement that it expected to challenge the taxing authority values asa being too high. The Debtor has had ample time to develop, market and sell the lots (and to seek permission for doing so from this Court) but apparently has been unsuccessful in doing so. THIRD

MILLENNIUM has also been more that patient in waiting for Debtor to refinance the lots as requested by Debtor.

12. Lot 2 contains a residence under construction, and that has been under construction since 2012 and vandalized numerous times because Debtor has refused to secure the real property. During December 2013 THIRD MILLENNIUM's representative visited the property and sent photos to Debtor with vandalism concerns and a copy of such correspondence and photos is attached as Exhibit "G". The Debtor has had ample time to complete the construction of the residence and market and sell the residence but apparently has refused to complete the construction of the residence even though, as set forth in the Modification, additional funds from THIRD MILLENNIUM would be loaned to Debtor to complete the residence. THIRD MILLENNIUM estimates that the cost to repair and complete the vandalized property is in excess of $100,000. In the Debtor's disclosure statement it stated that the property with a completed house might be worth $450,000 to $500,000 if it found the funds to complete the house.

13. Similarly, the taxing authority appraised the property with a completed house as $440,000.

14. Third Millennium believes that in its current condition, the value of the house and lot is no more than $350,000. As such, the Debtor has no equity in it. In fact, the Debtor admits that it does not own this property.

15. The Chapter 7 Trustee in the Exquisite Bankruptcy sought permission to abandon these six lots as having inconsequential value to the estate considering the encumbrance of the Third Millennium. The Exquisite Bankruptcy Court granted the Trustee's Motion to Abandon on November 10, 2014 (**12-38337**, Docket 347).

16. Delay in granting relief would likely cause irreparable damage to THIRD MILLENNIUM since THIRD MILLENNIUM is under secured, and interest, taxes and assessments continue to accrue.

17. On March 24, 2015 the Exquisite Bankruptcy Court modified the automatic stay allowing Third Millennium to proceed to exercise its state law rights. Third Millennium then proceeded with foreclosure of its interest in the Property scheduling foreclosure for June 2, 2015.

18. On the morning of June 2, 2105, not having received notice of the Debtor's newly filed bankruptcy, Third Millennium foreclosed its interest in the Properties.

19. Upon learning of the Debtor's bankruptcy, Third Millennium released the Debtor (but not Exquisite) from the Promissory Note (but did not release the related Deeds of Trust). Release attached as Exhibit "H".

20. A copy of the filed proof of claim filed by Third Millennium is attached as Exhibit "I" and a payment history is attached as Exhibit "J"

21. If the Exquisite Properties were property of this bankruptcy estate, Third Millennium would be entitled to relief from the automatic stay because the Debtor has no equity in the Exquisitel Properties and they are not necessary for a reorganization of the Debtor. The Debtor has bare possession of the Exquisite Properties without legal ownership and Third Millennium should be entitled to relief on the same basis.

22. The Gabriel Properties remain encumbered by the Deeds of Trust securing the Note on which Exquisite remains liable and, therefore, Third Millennium is a party in interest with legal rights against the Gabriel Properties. However, the Gabriel Properties were also foreclosed before reasonable notice of this bankruptcy was received by Third Millennium or its trustee. Therefore, the Debtor has no ownership interest in the Gabriel Properties. No action has been commenced to void the foreclosure which may be voidable but is not void.

23. Third Millennium would be entitled to relief from the automatic stay because the Debtor has no equity in the Gabriel Properties and they are not necessary for the reorganization of the Debtor. The Debtor has bare possession of the Gabriel Properties without legal ownership and Third Millennium should be entitled to relief on that basis.

24. Third Millennium notes that virtually all debts listed by the Debtor are debts (property taxes and HOA dues) that would be paid by Third Millennium as owner of the Property.

The exception to that statement is the disputed debt claimed by the IRS due, on information and belief, because of the Debtor's failure to file tax returns. Debtor stated in its disclosure statement that no financial transactions occurred during the time frame for which the IRS has filed a claim.

## RELIEF SOUGHT

25. On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

    (2) with respect to a stay of an act against property under subsection (a) of this section, if—

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization 11 U.S.C. 362(d)(2).

26. Cause exists to modify the automatic stay to allow THIRD MILLENNIUM to exercise any and all rights against the Debtor including:

    a. Based on the Trustee's abandonment of the Property as approved by the Court in the Exquisite bankruptcy (and based on the values as stated herein), the Debtor has no equity in the Property and it is not necessary to the estate;

    b. The Property is not necessary to the reorganization of the Debtor because there is no reasonable possibility of a successful reorganization within a reasonable time;

## LEGAL AUTHORITIES IN SUPPORT OF RELIEF SOUGHT

27. Debtor is not adequately protected for additional interest, taxes, dues and fees. Relief is appropriate pursuant to U.S.C. §362(d)(1) for cause, including lack of adequate protection.

28.     Debtor does not have equity in the 6 lots and the lots are not necessary for an effective reorganization because there is no reasonable possibility of a successful reorganization within a reasonable time.   Relief is appropriate pursuant to U.S.C. §362(d)(2).

29.     Once the secured creditor establishes that the debtor lacks equity in the collateral securing its claim, the burden shifts to the debtor to establish that the collateral at issue is necessary for an effective reorganization. *United Sav.Ass 'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 375-376 (1988); *see also* 11 U.S.C. § 362(g). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it, but that the property is essential for an effective reorganization *that is in prospect.* This means… that there must be a reasonable possibility of a successful reorganization within a reasonable time." *Id.* (emphasis in original, internal quotations removed).

WHEREFORE PREMISES CONSIDERED, THIRD MILLENNIUM prays that the automatic stay be modified to allow, in Third Millennium to exercise any and all remedies and rights it has against the Property pursuant to the Note and Deeds of Trust described herein above.

Dated:  December 14, 2015            Respectfully submitted,

/s/ Martin K. Thomas
Martin K. Thomas
State Bar No. 19859650
P.O. Box 36528
Dallas, TX  75235
(214) 951-9466
(855) 301-8792(FAX)

### CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that he conferred with Jon Parchman, Counsel for the Debtor, on December 7, 2015 and that no agreement could be reached without the filing of this motion because the Debtor objects to the relief requested.

/s/ Martin K. Thomas

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's ECF system

on all parties who have entered their electronic appearance in this case simultaneously with the filing of this document. And via first class U.S. Mail on all parties listed on the attached mailing matrix this December 14, 2015.

                                                           /s/ Martin K. Thomas